```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

DESHAWN BANKS,                                       :
                       Plaintiff,
                                                     :     REPORT AND
           -against-                                       RECOMMENDATION
                                                     :     TO THE HONORABLE
DR. URRICH, HEAD SUPERVISOR OF                             LORETTA A. PRESKA
MENTAL HEALTH AT G.R.V.C.; OFFICER                   :
BARNNES; OFFICER SALLEY; OFFICER                           11 Civ. 8374 (LAP) (FM)
WILLIAMS; OFFICER PERCERIESS,                        :

                       Defendants.                   :

-----------------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/13/13

**FRANK MAAS,** United States Magistrate Judge.

In this civil rights action, pro se plaintiff Deshawn Banks ("Banks") complains about the conditions of his confinement in the Mental Health Assessment Unit for Infracted Inmates at Rikers Island, where he previously had been detained. Banks caused "Dr. Urrich" (whose correct name is Dr. Jurich) to be served on February 29, 2012. (ECF Nos. 10, 17).

On June 18, 2012, I held a conference to address the status of this and five other related actions Banks had filed in this District. At that conference, I directed Corporation Counsel to provide identifying information for the other individual defendants in this action, who were described in Banks' complaint as Officers "Barnnes," "Salley," "Williams," and "Perceriess." (ECF No. 13). I also ordered that Banks be provided with authorization forms for the release of his medical records. (Id.). In its response, Corporation Counsel identified several officers, but noted that there were two Officer Salleys – a man and a woman – and that Williams was too common a name to permit the officer's identification without further information. (See ECF Nos. 14, 17).

By memo endorsement, dated June 26, 2012, I asked the Pro Se Office of this Court to notify the Department of Correction of the pendency of this action and to request that it waive service on behalf of the defendants other than "Salley." (ECF No. 14). I further directed the Pro Se Office to send Banks service packages for both "Officer Salleys" with an instruction that he return a completed package for the specific officer he wished to sue. (Id.).

On October 24, 2012, the Department of Correction filed an unexecuted waiver of service in which the individual defendants other than Dr. Jurich declined to waive personal service. (ECF No. 16). The docket indicates that the Pro Se Office thereafter mailed a second service package for each of those defendants to Banks on October 26, 2012. Since then, despite the passage of nearly one year, none of the remaining defendants named in the complaint has been served.

On August 15, 2013, Corporation Counsel wrote to advise the Court of the status of this case. The letter noted that, despite my directives, Banks had failed to serve any of the individual officers or return an executed medical release. On August 16, 2013, I therefore ordered Banks to respond to Corporation Counsel's letter by September 3, 2013, explaining why he had failed to effect service or return the medical authorization. (ECF No. 17). I further cautioned Banks that his failure to provide an adequate explanation for his inaction would result in a recommendation that this action be dismissed for want of prosecution. (Id.). Despite that warning, Banks provided no response. Indeed, it has been more than one year since the Court has received any communications from Banks regarding this case. It thus is clear that he has abandoned his claims against the Defendants.

In these circumstances, I recommend that the action be dismissed for want of prosecution.

Notice of Procedure for Filing of Objections to this Report and Recommendation

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Loretta A. Preska, and to the chambers of the undersigned at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be directed to Judge Preska. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

Dated:     New York, New York
           September 13, 2013

                                        _____
                                        FRANK MAAS
                                        United States Magistrate Judge

Copies to:

Hon. Loretta A. Preska
Chief United States District Judge

Deshawn Banks (via United States Mail)
12-A-0406
South Port Correctional Facility
PO Box 2000
Pine City, NY 14871-2000

Defendants' Counsel (via ECF)