USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/16/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
DESHAWN BANKS,                    :    11-CIV-8374 (LAP)
                                  :
            Plaintiff,            :
                                  :    Order Adopting Report and
                                  :    Recommendation
       v.                         :
                                  :
DR. URRICH, HEAD SUPERVISOR       :
OF MENTAL HEALTH AT G.R.V.C.;     :
OFFICER BARNNES; OFFICER          :
SALLEY; OFFICER WILLIAMS;         :
OFFICER PERCERIESS,               :
                                  :
            Defendants.           :
----------------------------------x

Loretta A. Preska, Chief Judge:

Deshawn Banks ("Plaintiff"), proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 on November 17, 2011 alleging that he was mistreated during his confinement in the Mental Health Assessment Unit at Rikers Island. (See Complaint, dated Nov. 17, 2011 [dkt. no. 2].) As of August 16, 2013, Plaintiff had failed to effect service of process on Defendants Barnnes, Salley, Williams, and Perceriess and had not communicated with the Court in ten months. Magistrate Judge Maas then ordered Plaintiff to respond to a letter from Corporation Counsel, explaining his failure to effect service. (See Endorsed Letter, dated Aug. 16, 2013 [dkt. no. 17].) Plaintiff was cautioned that failure to respond would result in

1

a recommendation that this action be dismissed for want of prosecution. (See id.) Plaintiff has yet to respond. Subsequently, Judge Maas issued a Report and Recommendation, concluding that the Court should dismiss Petitioner's filings for want of prosecution. (See Report and Recommendation, dated Sept. 13, 2013 [dkt. no. 18].) To date, the Court has received no objections from either party.

Federal Rule of Civil Procedure 41(b) authorizes dismissal of an action or claim "[i]f the plaintiff fails to prosecute or to comply with . . . a court order . . . ." FED. R. CIV. P. 41(b). Dismissal under 41(b) lies within the discretion of the District Court. See Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962); Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994). Five factors guide a court's evaluation of a 41(b) dismissal for failure to prosecute: "[1] the duration of the plaintiff's failures, [2] whether plaintiff ha[s] received notice that further delays would result in dismissal, [3] whether the defendant[s] [are] likely to be prejudiced by further delay, [4] strik[ing] a balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] . . . the efficacy of lesser sanctions." Id. (quoting Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988)) (internal quotation marks omitted).

A review of the five factors favors dismissal in this case. With respect to the first and second factors, Plaintiff has not communicated with the Court in three years, even after he was cautioned of the consequences of his failure to respond. (See Endorsed Letter, dated Aug. 16, 2013.) Plaintiff has also failed to inform the Court of his new address after being released from state custody. The third factor, prejudice to the defendants, is presumed where, as here, the delay is unreasonable and prolonged. See Lyell Theater Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). Specifically, the events giving rise to Plaintiff's Complaint occurred in September and October of 2011, and further delay would impede Defendants' ability to successfully litigate their case. With regard to the fourth factor, Plaintiff's failure to avail himself of the opportunities to execute service of the Complaint and to object to the Report and Recommendation demonstrates the appropriateness of dismissal in this case. Finally, under the fifth factor, the Court is convinced by the three year gap in communication and failure to complete service of the Complaint that no lesser sanctions would be appropriate in this case.

Accordingly, having found Judge Maas' analysis to be correct and appropriate upon de novo review, see FED. R. CIV. P. 72(b), the Report and Recommendation [dkt. no. 18] is hereby ADOPTED. The Complaint [dkt. no. 2] is dismissed with prejudice

3

for failure to prosecute.  See Link, 370 U.S. at 629.  The Clerk of Court is instructed to mark this action closed and all pending motions denied as moot.

SO ORDERED.

Dated:   New York, New York
         June 15, 2015

_____
LORETTA A. PRESKA
Chief United States District Judge